UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ALBA RADA SIERRA,

    Plaintiff,

vs.

RAPHA HEALTH NETWORK INTERNATIONAL INC.,
A Florida Profit Corporation, and
ALBERTO GUZMAN, individually,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff ALBA RADA SIERRA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants RAPHA HEALTH NETWORK INTERNATIONAL INC. (hereinafter RAPHA HEALTH), a Florida Profit Corporation and ALBERTO GUZMAN, individually (hereinafter "GUZMAN") collectively "Defendants," and says:

## JURISDICTION AND VENUE

1. This is an action for damages excluding attorneys' fees or costs and other relief based on unlawful employment practices committed by Defendants and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. This Court has jurisdiction of the claims herein pursuant to 29 U.S.C. § 2617, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

1

3. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course of Plaintiff's employment with Defendants.

4. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

**PARTIES**

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. Plaintiff at all times relevant to this complaint was employed by Defendants as a technician. Plaintiff was therefore an employee as defined by 29 U.S.C § 203(e).

7. RAPHA HEALTH is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. RAPHA HEALTH has its principal place of business in Doral, Florida. RAPHA HEALTH had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. RAPHA HEALTH is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material to this Complaint, RAPHA HEALTH has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have

been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Specifically, RAPHA HEALTH is a worldwide renowned supplement manufacturer with offices in Miami, Spain, Costa Rica, Colombia, and Venezuela. RAPHA HEALTH, manufactures products and supplements, which are sold and shipped worldwide.

11. RAPHA HEALTH, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant GUZMAN is the CEO of, and exercised operational control over the activities of, corporate Defendant RAPHA HEALTH.

13. Defendant GUZMAN acted directly in the interest of his company, RAPHA HEALTH, as the founder and CEO. Upon all available information, GUZMAN controlled the manner in which Plaintiff performed her work and the pay she was to receive.

14. Defendants were an "employer" of Plaintiff as the term is defined under 29 U.S.C § 203(d).

**GENERAL ALLEGATIONS RELATED TO PLAINTIFF'S OVERTIME CLAIMS**

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked an excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

16. Plaintiff worked for Defendants from on or about October 19, 2020, through July 2, 2021, as a technician.

17. As a "technician", Plaintiff did not actually have any decision-making authority as she could not hire or fire employees, or otherwise make decisions which impacted the business.

18. During the course of her employment, Plaintiff regularly worked 45-55 hours per workweek. Plaintiff was to be compensated at $10.00/hour.

19. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C §§ 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

20. A review of the records in Plaintiff's possession reflected that Plaintiff was not compensated at time and one half for her overtime hours. Rather, Plaintiff was compensated at her regular rate for all hours worked.

21. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

22. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

23. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## **GENERAL ALLEGATIONS RELATED TO ALL OTHER COUNTS**

25. Plaintiff is a person who practices Catholicism. Plaintiff is a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of her employment were altered because of her religion.

26. Plaintiff is a member of a class protected under the FCRA and Title VII because she complained of discrimination to Defendant and was terminated thereafter.

27. RAPHA HEALTH has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

28. Plaintiff alleges causes of action for violations of the FCRA, Title VII, as a result of the adverse treatment to which Defendant subjected Plaintiff, Defendant's dismissal of Plaintiff from employment.

29. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

30. Plaintiff's Charge was filed on or about July 22, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

31. Plaintiff was terminated from her position on or about July 2, 2021. Her Charge was therefore timely filed.

32. Plaintiff was issued a Notice of Right to Sue on April 27, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

33. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

34. In March 2021, GUZMAN (Christian) invited a pastor to host meetings three times a week (Mondays, Wednesdays, and Fridays) to preach Christian teachings to all employees.

35. On the outset, GUZMAN advised that these meetings were not mandatory to employees and that only those who wished to participate could attend. Plaintiff (Catholic) opted out.

36. In April 2021, Plaintiff's manager Hector (LNU) (hereinafter "Hector") asked Plaintiff why she was not attending the meetings. Plaintiff responded that she is not Christian and that some of the teachings made her uncomfortable.

37. Plaintiff was out on vacation from May 31, 2021, through June 4, 2021, which had been requested in advance and previously approved by her supervisor.

38. Upon Plaintiff's return on or about June 7, 2021, she was called by Hector and advised that she was being terminated for job abandonment, to which Plaintiff objected and requested to speak to management as her vacation had been previously approved.

39. That same day, GUZMAN met with Plaintiff per her request. During the meeting Guzman inquired about Plaintiff's absence from the meetings. He offered Plaintiff her job back contingent upon the request that she attend all religious meetings moving forward.

40. Plaintiff began to attend the meetings as requested. However, Plaintiff was extremely uncomfortable and in disagreement with the teachings.

41. On or about June 30, 2021, the pastor began his sermon and made a comment condemning homosexual which went against Plaintiff's beliefs. Plaintiff was very upset and offended by the comment and discussed with coworkers on how offensive she found these meetings and the matters discussed.

42. On July 1, 2021, Dr. Durnes Garcia (Dr. Guzman's wife) announced that due to the lack of appreciation from the staff that no more meetings were going to be held.

43. On or about July 2, 2021, Plaintiff was terminated. The reason provided by RAPHA HEALTH, that Plaintiff's department was being eliminated.

44. Plaintiff requested to be moved to another department, as she had experience in other departments, but her request was denied.

45. RAPHA HEALTHt's alleged reason(s) for Plaintiff's termination are pretextual as Plaintiff was in fact terminated from employment because of her religion and her complaints.

46. Upon information and belief, Plaintiff was replaced by another individual.

47. RAPHA HEALTH's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

48. If, however, the reason(s) proffered by RAPHA HEALTH are found to be with merit, Plaintiff's religion and/or complaints were a motivating factor in the decision for the adverse employment action(s).

49. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

50. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against RAPHA HEALTH

51. Plaintiff, re-alleges and reaffirms paragraphs 1 through 24 as if fully set forth herein.

52. Since the commencement of Plaintiff's employment, RAPHA HEALTH has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times her regular rate.

53. Specifically, when Plaintiff worked over forty (40) hours in a designated workweek, she was compensated at her regular rate for the hours worked over forty (40).

54. RAPHA HEALTH is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the

FLSA, 29 U.S.C. § 203(r) and 203(s). RAPHA HEALTH's business activities involve those to which the Fair Labor Standards Act applies as alleged above.

55. Plaintiff was not exempt from the overtime provision of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

56. RAPHA HEALTH has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

57. By reason of the said intentional, willful, and unlawful acts of RAPHA HEALTH, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

58. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

59. RAPHA HEALTH never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

60. As a result of RAPHA HEALTH's willful violations of the Act, Plaintiff is entitled to liquidated damages.

61. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from RAPHA HEALTH.

WHEREFORE, Plaintiff respectfully prays for the following relief against RAPHA HEALTH:

    A. Adjudge and decree that RAPHA HEALTH has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against ALBERTO GUZMAN

62. Plaintiff, re-alleges and reaffirms paragraphs 1 through 24 as if fully set forth herein.

63. At the times mentioned, Defendant GUZMAN was, and is now, the founder and CEO of corporate Defendant, RAPHA HEALTH, in a management capacity.

64. Specifically, GUZMAN supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

65. GUZMAN had operational control of the business and is thus jointly liable for Plaintiff's damages.

66. GUZMAN was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA, in that GUZMAN acted directly in the interests of Corporate Defendant RAPHA HEALTH in relation to its employees including Plaintiff.

67. Defendant GUZMAN willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against GUZMAN:

A. Adjudge and decree that Defendant GUZMAN has violated the FLSA and has done so

   willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RELIGION)**

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 5, and again in paragraphs 25 through 50 of this complaint as if set out in full herein:

69. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, § 706 (f) (42 U.S.C § 2000e-5(f)), because Plaintiff was discriminated based on her religion.

70. RAPHA HEALTH's disparate treatment of Plaintiff, including but not limited to Plaintiff's termination, was directly and proximately caused by RAPHA HEALTH's unjustified discrimination against Plaintiff because of the fact that she practiced Catholicism, and did not want to participate in the christian teaching meetings in violation of the Act.

71. If, however, the reason(s) proffered by RAPHA HEALTH are found to be with merit, Plaintiff's religion, was a motivating factor in the decision for the adverse employment action(s).

72. As a direct and proximate result of RAPHA HEALTH's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

73. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

74. Plaintiff, based on information and belief, alleges that RAPHA HEALTH's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. RAPHA HEALTH, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Hector and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from RAPHA HEALTH in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against RAPHA HEALTH to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by RAPHA HEALTH's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require RAPHA HEALTH to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by RAPHA HEALTH, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

75. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 5, and again in paragraphs 25 through 50, inclusive, as though same were fully re-written, and says:

76. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment based on her religion.

77. Plaintiff requested to not be forced to attend religious meetings because they went against her religion, Catholicism, but was told she could only keep her position if she attended all religious meetings going forward.

78. Thereafter, on or about July 2, 2021, Plaintiff was terminated after complaining for being forced to participate in a meeting that went against her beliefs.

79. The conduct of RAPHA HEALTH, by and through the conduct of its agents, employees, and/or representatives, and RAPHA HEALTH's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

80. Plaintiff, based on information and belief, alleges that RAPHA HEALTH's actions were done with malice, and with disregard for her protected rights under the Title VII. RAPHA HEALTH, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from RAPHA HEALTH in a sum according to proof at trial.

81. RAPHA HEALTH's stated reason(s) for terminating Plaintiff is pretextual.

82. If, however, the reason(s) proffered by RAPHA HEALTH are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against RAPHA HEALTH to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by RAPHA HEALTH's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require RAPHA HEALTH to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by RAPHA HEALTH, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RELIGION)

83. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 5, and again in paragraphs 25 through 50 of this complaint as if set out in full herein:

84. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her religion, Catholic.

85. Plaintiff requested to not be forced to attend religious meetings because they went against her religion, Catholicism, but was told she could only keep her position if she attended all religious meetings going forward.

86. RAPHA HEALTH's disparate treatment of Plaintiff, including but not limited to Plaintiff's termination, was directly and proximately caused by RAPHA HEALTH's unjustified discrimination against Plaintiff because of the fact that she practiced Catholicism, in violation of the Act.

87. If, however, the reason(s) proffered by RAPHA HEALTH are found to be with merit, Plaintiff's religion, was a motivating factor in the decision for the adverse employment action(s).

88. As a direct and proximate result of RAPHA HEALTH's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

90. Plaintiff, based on information and belief, alleges that RAPHA HEALTH's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. RAPHA HEALTH, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Hector and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from RAPHA HEALTH in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against RAPHA HEALTH to compensate her for past and future pecuniary losses, including injury to her professional

    reputation, and emotional pain and suffering caused by RAPHA HEALTH's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require RAPHA HEALTH to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by RAPHA HEALTH, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

91. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 5, and again in paragraphs 25 through 50 of this complaint as if set out in full herein:

92. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

93. Plaintiff requested to not be forced to attend religious meetings because they went against her religion, Catholicism, but was told she could only keep her position if she attended all religious meetings going forward.

94. Shortly thereafter, Plaintiff was terminated.

95. The conduct of RAPHA HEALTH, by and through the conduct of its agents, employees, and/or representatives, and RAPHA HEALTH's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

96. Plaintiff, based on information and belief, alleges that RAPHA HEALTH's actions were done with malice, and with disregard for her protected rights under the FCRA. RAPHA HEALTH, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Hector and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from RAPHA HEALTH in a sum according to proof at trial.

97. RAPHA HEALTH's stated reason(s) for terminating Plaintiff is pretextual.

98. If, however, the reason(s) proffered by RAPHA HEALTH are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against RAPHA HEALTH to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by RAPHA HEALTH's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require RAPHA HEALTH to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by RAPHA HEALTH, or in lieu of reinstatement, award front pay;

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff ALBA RADA SIERRA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 26, 2022

**PEREGONZA THE ATTORNEYS PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: */s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com